IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-177-FL

| | |
|---|---|
| MILTON S.C. MAYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| RAYNOR AND ASSOCIATES and ) | |
| RICHARD RAYNOR, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the motion (D.E. 1) by plaintiff Milton S. C. Mays ("plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), respectively. These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* 1st Public D.E. dated 30 Apr. 2015). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis*, but recommend that this case be dismissed.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs. His motion to proceed *in forma pauperis* is therefore ALLOWED.

**MEMORANDUM AND RECOMMENDATION**

**I.      BACKGROUND**

Plaintiff's complaint consists of a four-page complaint form completed in handwriting (D.E. 1-1) and a two-page handwritten attachment (D.E. 1-2). Because of its disjointed nature and, at points, marginal readability, the complaint is characterized by a lack of clarity, which extends to the entities he intended to be included as defendants.

More specifically, the caption on the complaint form names Richard Raynor, and Raynor and Associates as the defendants (Compl. Form 1), but the text of the complaint form identifies only Mr. Raynor as a defendant and does not mention Raynor and Associates (*id.* at 2). The attachment to the complaint, which has no caption, refers to Mr. Raynor (Attach. to Compl. 1), seemingly as a defendant, but again makes no mention of Raynor and Associates. Instead, it speaks of Raynor Builders of Louisburg, also seemingly as a defendant (*id.*). Raynor Builders of Louisburg is listed in the captions of most of the other captioned documents plaintiff has filed in this case. It is listed as the only defendant in the caption on plaintiff's original (D.E. 2 at p. 1) and corrected (D.E. 3 at p. 1) financial disclosure forms, although the original form in the text names the other two entities as defendants; included with Richard Raynor as a defendant in the caption on the civil cover sheet (D.E. 1-3); and included with Raynor and Associates in the caption on one summons (D.E. 1-5 at p. 1) and with both Raynor and Associates and Mr. Raynor in the caption on the other summons (D.E. 1-4 at 1). The court will therefore deem all three entities, Mr. Raynor, Raynor and Associates, and Raynor Builders of Louisburg, to be defendants in this case.

The focus of the complaint is a house plaintiff was renting when participating in a Section 8[1] housing voucher program. (Attach. to Compl. 1). An inspection of the house allegedly showed that the walls and windows were not damaged, and the inspector allegedly said nothing was wrong. (*Id.*). The lease was eventually terminated. (*Id.*).

While plaintiff does not delineate the relationship of Raynor and Associates, Mr. Raynor, or Raynor Builders of Louisburg to the house, he alleges a range of wrongdoing in connection with it: discrimination; theft of money; damage to property; refusal by Susan Davis, who may

---

[1] Codified at 42 U.S.C. § 1437f.

have been the inspector, to send him a copy of a statement he signed; *prima facie* tort, namely, the "infliction of intentional harm, resulting in damage without excuse or justification by act or a series of acts which would otherwise be lawful," citing and paraphrasing *Cartwright v. Golub Corp.*, 381 N.Y.S.2d 901, 902 (N.Y. App. Div. 1976); mailing false financial information; violation of his right to procedural due process, citing *Davis v. Mansfield Metro. Hous. Auth.*, 751 F.2d 180 (6th Cir. 1984); violation of the Fair Housing Act; and retaliation "in connection with [a] civil law suit when [the] lease was terminated." (*Id.* at 1-2; Compl. Form 1). Plaintiff seeks: (1) $2 million "in damages and lost income and property lost"; and issuance of subpoenas to a Section 8 Department of Housing and Urban Development representative and Ms. Davis, possibly for a copy of the statement plaintiff signed. (Compl. Form 4; Attach. to Compl. 1).

## II. LEGAL STANDARDS APPLICABLE

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly

3

baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

### III. DISCUSSION

#### A. Principal Grounds for Dismissal

##### 1. Claims against Raynor and Associates

As noted, plaintiff names Raynor and Associates in the caption of the complaint form and other documents he filed. He nowhere, though, makes any allegations expressly relating to Raynor and Associates. Plaintiff has therefore failed to state a claim with respect to Raynor and Associates.

## 2. Claims against Richard Raynor and Raynor Builders of Louisburg

The court finds that the claims against Richard Raynor and Raynor Builders of Louisburg are barred by the doctrine of *res judicata*. That doctrine precludes a party from asserting claims that have already been "'litigated to a final judgment by that party or such party's privies'" as well as "'any legal theory, cause of action, or defense which could have been asserted in that action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore *et al.*, *Moore's Federal Practice* § 131.10(1)(a) (3d ed. 2008)). The Fourth Circuit has articulated three elements that must be present for *res judicata* to prevent a party from raising a claim: "'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)).

This third element "'does not turn on whether the claims asserted are identical,'" but rather on "'whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts.'" *Frank v. Home Depot, U.S.A., Inc.*, 481 F. Supp. 2d 439, 442-43 (D. Md. 2007) (quoting *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). Thus, *res judicata* "may apply even though the plaintiff in the first suit proceeded under a different legal theory. A prior judgment on the merits binds the parties 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but [also] as to any other admissible matter which might have been offered for that purpose.'" *Aliff*, 914 F.2d at 43 (quoting *Sea-Land Serv., Inc. v. Gaudet*, 414 U.S. 573, 579 (1974)). Moreover, "actual knowledge of a potential claim at the time of the first suit is not required for *res judicata* to apply. If the claim existed at the time of the first suit and might have been offered

in the same cause of action, then it is barred by *res judicata* from being brought in a subsequent suit." *Id.* at 43-44 (internal quotations omitted).

In January 2014, over a year before the commencement of the instant case in April 2015, plaintiff filed another action in this court against Richard Raynor and Raynor Builders of Louisburg. *Milton S.C. Mays v. Raynor Builders of Louisburg and Richard Raynor*, No. 5:14-CV-27-BO (E.D.N.C.). Thus, all the parties in the instant case were also parties in the prior case. On 17 July 2015, the court entered an order in the prior case dismissing it pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (17 July 2015 Order (D.E. 19), Case No. No. 5:14-CV-27-BO). Rule 41(b) provides that such a dismissal operates as an adjudication on the merits, subject to certain exceptions not relevant here, unless the dismissal order provides otherwise. Because the order does not provide otherwise, it operated as an adjudication on the merits.

Lastly, the instant case involves the same core of operative facts and possibly the same specific claims as the prior case. (*See* Compls. (D.E. 4 and 4-1, Case No. No. 5:14-CV-27-BO)). The relationship between the two cases is substantiated by the statement at the end of the attachment to the complaint in the instant case reading, "Judge Boyle I hope I clarified my position." (Attach. to Compl. 2). Judge Boyle is the district judge who presided over the prior case, and the attachment to the complaint, filed 27 April 2015, was filed before Judge Boyle entered his dismissal order.

The three elements of the *res judicata* doctrine are therefore met with respect to Richard Raynor and Raynor Builders of Louisburg. The case as to each of them is accordingly subject to dismissal for failure to state a claim upon which relief can be granted. Because the claims against the other defendant are also subject to dismissal, this case should be dismissed in its entirety.

### B. Alternative Grounds for Dismissal

Notwithstanding the dismissability of this entire case on the principal grounds stated, the court addresses below additional, alternative grounds for dismissal of various specific claims apparently or expressly alleged in the complaint.

#### 1. Discrimination in Violation of the FHA

One claim in plaintiff's complaint, read liberally, can be deemed to be alleging discrimination in violation of the FHA. That statute was enacted to provide fair housing throughout the United States. 42 U.S.C. § 3601. Section 804 of the FHA makes it unlawful "to discriminate against any person in the terms, conditions or privileges of . . . rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin" or because of a handicap. 42 U.S.C. § 3604(b), (f). To establish an FHA claim, plaintiff must demonstrate that the housing action or practice being challenged was either motivated by a discriminatory purpose or had a discriminatory impact. *See Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 986 (4th Cir. 1984).

Plaintiff's complaint does not make any allegation as to plaintiff's status with respect to any protected category under the FHA. However, the financial disclosures in plaintiff's motion for leave to proceed *in forma pauperis* indicate disability benefits as a source of income. (D.E. 1 at 1). Construing plaintiff's pro se filings liberally, *see White*, 886 F.2d at 724 ("Pro se complaints are to be read liberally"), the court assumes that plaintiff may intend to make a claim based on disability discrimination. However, regardless of plaintiff's disabled status, the complaint does not allege that he requested or was denied any accommodation based on his disability, nor does the complaint allege any facts that would give rise to an inference of discrimination for any reason, whether intentionally or by disparate impact. The only references

7

to discrimination on the face of the complaint are plaintiff's conclusory allegations that "[t]he defendants committed discrimination" (Compl. Form 2; Attach. to Compl. 1) and a reference to the FHA (Compl. Form 2). *See Twombly*, 550 U.S. at 555 (plaintiff's obligation under Rule 8 is not satisfied by conclusory allegations). Accordingly, plaintiff has failed to state a claim for discrimination under the FHA.

### 2. Violation of Procedural Due Process

Plaintiff's complaint alleges violation of his right to procedural due process under the Fourteenth Amendment. Title 42 U.S.C. § 1983 ("§ 1983") provides a cause of action for alleged constitutional violations. To establish a claim under § 1983, a plaintiff must prove: "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law." *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. 12 Apr. 2012) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To show that that a defendant acted under the color of state law, "'[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615-16 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)).

Statutory welfare benefits, including Section 8 vouchers, create a property interest that is subject to the Constitution's due process protections. *See Goldberg v. Kelly*, 397 U.S. 254, 261 (1970) (holding that constitutional due process protections apply to welfare benefits); *Swann v. Gastonia Hous. Auth.*, 675 F.2d 1342, 1345-46 (4th Cir. 1982) (applying *Goldberg* to Section 8 housing benefits). The Fourth Circuit has held that certain actions against a Section 8 tenant by a private landlord constitute state action for the purpose of § 1983 since Section 8 is a quasi-public

program wherein private landlords submit to "significant regulation" and "substantial continuing agency involvement in the tenancy." *See Swann*, 675 F.2d at 1346 (eviction).

While plaintiff was entitled to due process rights as a Section 8 tenant, he has not alleged sufficient facts in his complaint to state a plausible claim that those rights were violated by defendants. The only potentially relevant facts alleged in the complaint are that the house was inspected, that there was no damage to the walls and windows, that the inspector said that nothing was wrong, and that Ms. Davis refused to give plaintiff a copy of a statement he signed in connection with the inspection. (Attach. to Compl. 1). Accordingly, plaintiff has failed to state a claim for the violation of his right to procedural due process.

### 3. Civil Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO")

Construing liberally the reference in the complaint to the mailing of falsified financial information, the court will deem plaintiff to be attempting to assert a claim under RICO grounded in mail fraud. No private right of action arises from the mail fraud statute itself, 18 U.S.C. § 1341. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (acknowledging that the Supreme Court "has rarely implied a private right of action under a criminal statute").

In 18 U.S.C. § 1964(c), RICO provides a private right of action for treble damages to "[a]ny person injured in his business or property by reason of a violation" of § 1962(c), which makes it "unlawful for any person employed by or associated with" a qualifying enterprise "to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity," including "mail fraud." 18 U.S.C. § 1961(1)(B). Mail fraud occurs whenever a person, "having devised or intending to devise any scheme or artifice to defraud," uses the mail "for the purpose of executing such scheme or artifice." 18 U.S.C. § 1341.

9

Here, plaintiff's complaint is devoid of any alleged facts that would permit the court to infer the existence of any such scheme. Plaintiff merely alleges, in effect, that defendants committed mail fraud by sending falsified documents through the mails without any specific factual allegations concerning which documents were falsified, how they were falsified, the alleged purpose of the fraud, when the alleged conduct occurred, or what damages resulted. (*See* Compl. Form 2; Attach. to Compl. 2). Accordingly, any claim by plaintiff under RICO based on mail fraud fails.

### 4. Supplemental Jurisdiction Over State Law Claims

In addition to the foregoing federal claims, plaintiff's complaint alleges expressly the state law claim of *prima facie* tort, which may or may not exist under North Carolina law. Others state law claims the complaint may arguably be alleging include conversion (*see Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956) (stating elements of conversion)) and trespass to chattels, both arising from the alleged theft of and damage to his property (*see Fordham v. Eason*, 351 N.C. 151, 155, 521 S.E.2d 701, 704 (1999) (stating elements of trespass to chattels)).

While 28 U.S.C. § 1367 allows the federal district courts to exercise supplemental jurisdiction over related state law claims that "form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), the court is permitted to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has advised that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well," as "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726

10

(1966). Because all of plaintiff's federal claims should be dismissed, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

## IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on plaintiff. Plaintiff shall have until 27 October 2015 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846-47 (4th Cir. 1985).**

11

Case 5:15-cv-00177-FL   Document 4   Filed 10/12/15   Page 11 of 12

SO ORDERED, this 9th day of October 2015.

_____
James E. Gates
United States Magistrate Judge